## SPYRA v. GOVERNMENT PERSONNEL MUT. LIFE INS. CO.

### No. 12178.

Court of Civil Appeals of Texas. San Antonio.

Jan. 10, 1951.

Rehearing Denied Feb. 7, 1951.

Biery & Biery, San Antonio, for appellant.

Green & Rosson, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an agreed case, such as is provided for by Rule 263, Texas Rules of Civil Procedure.

The suit was instituted by Stella Spyra as beneficiary of Charles M. Spyra, deceased, against Government Personnel Mutual Life Insurance Company, seeking to recover the benefits of a policy of life insurance. Judgment was rendered by the trial court denying plaintiff any recovery and she has prosecuted this appeal.

The stipulation of facts reveals that a life insurance policy on the life of Charles M. Spyra was issued by appellee in the sum of $1,000.00. The appellee is a Texas insurance company organized under Texas law.

On May 27, 1942, Charles M. Spyra applied to appellee for a $1,000.00, 20-year endowment policy. The policy was issued and delivered, effective July 1, 1942. The insured at the time of making said application was a member of the United States Army. At the time of making said application he issued what is known as a Class E Allotment of Pay, authorizing the Army Finance Office to deduct $4.23 each month from his pay and remit same directly to appellee as payment of his premiums.

The first monthly allotment as such payment was received by the company in July, 1942, and a similar allotment payment was received each month thereafter, through November, 1948. Spyra died on December 18, 1947.

Spyra was discharged from the United States Army on April 20, 1943, and thereafter never served with the military forces of the United States. Through error the Army Finance Office was not notified of Spyra's discharge and continued to make monthly installment payments to appellee each month through November, 1948. After insured's death appellee called to the attention of the Army Finance Officials their error in making these monthly premium payments after Spyra's discharge from the Army, whereupon the Army Finance Officials demanded the return of these payments, and appellee paid back to the United States Army all of such payments, amounting to the sum of $279.18.

The only premium payments ever received by the company were those made by the Army Finance Office. The insured did not notify appellee of his discharge from the army, and the appellee had no notice whatsoever of said discharge until after the death of the insured. Appellee had no notice of the death of Charles M. Spyra until

a claim was made by appellant herein, through her attorney, by a letter received in the company's office on September 17, 1948. The insurance policy issued on the life of Charles M. Spyra contained the following provision: "This policy and application herefor constitute the entire contract between the parties and is unrestricted as to travel, residence and occupation of the insured, and is incontestable after the second policy year except for non-payment of premiums * * *."

 Here we have a case where a soldier serving in the United States Army applied and received a policy of insurance from a Texas insurance company and made arrangements with the Army Finance Office to pay his monthly premiums upon such policy. These premiums were paid by such Finance Office each and every month for approximately six years, and for almost eleven months after the soldier's death. The insured was discharged from the army some eleven months after the policy had been issued and no doubt if the Finance Office had been notified of this fact it would not have continued to make payment of these insurance premiums, but, through some error, the Finance Office was not notified of insured's discharge and continued to make these payments long after his death. The policy contained a provision that it was incontestable after its second year except for non-payment of premiums. Everything was done which was necessary to keep this insurance policy in effect during the life of insured, and therefore upon his death his beneficiary was entitled to the face value of the policy. Appellee insurance company was not in any way a party to the arrangement made between the insured and the Army Finance Office to have these premiums paid. The payments were made and accepted by appellee until after the death of insured, and thereby the insurance policy was kept in effect during the lifetime of the insured. The fact that if the Finance Office had been notified of insured's discharge from the army it would not have continued to make these payments is no concern of the insurance company. The insurance company timely received and accepted each and every monthly payment

during the life of insured and it is not now in a position to contend that the policy is not in effect because the Army Finance Office should not have made the payments. The contract between insured and the Army Finance Office was a matter entirely between these parties.

 Appellee contends that when Charles M. Spyra was discharged from the army without making any arrangement for the payment of his premiums, he thereby voluntarily abandoned his contract of insurance and the policy thereby lapsed. We cannot agree with this contention. There is nothing in the stipulation to indicate just what Charles M. Spyra's intentions were in this connection. He may or may not have known that the premiums were being timely paid by the Finance Office. The mere fact that he left the army without making any arrangements to have any one make the payments for him is insufficient to show an intention to abandon his contract of insurance. Appellee cites the case of Smith v. U. S., 292 U.S. 337, 54 S.Ct. 721, 78 L.Ed. 1295. This is a war risk insurance case and is so different on the facts as to be of no help here. In the Smith case the soldier's premiums were not paid, while in this case they were paid. It is quite clear that the failure to pay premiums when due, as a general rule, causes the insurance policy to lapse and become ineffective. But here we have just the opposite condition, where the premiums have been timely paid throughout the life of the insured. Appellee cites other war risk insurance cases: Sawyer v. United States, 2 Cir., 10 F.2d 416, and United States v. Barry, 6 Cir., 67 F.2d 763. But in each of these cases, as in the Smith case, the premium was not paid and the situation was entirely different from the facts of the present case.

 Even if the facts stipulated could be construed as being sufficient to show that insured had abandoned his insurance policy still appellee would not be permitted to rely upon such facts as a defense to its liability on the insurance policy, in view of the fact of the incontestable clauses contained in the policy. The policy had been in effect

some five or six years at the time of insured's death and therefore was incontestable under the provisions of the policy for any reason other than non-payment of premiums.

Appellee next takes the position that when insured was discharged from the army and made no arrangements to have any one pay the premiums on his insurance policy, that the policy thereby lapsed and the payments thereafter made by the Army Finance Officials, due to the lack of knowledge that insured had been discharged from the army, did not revive a policy which had theretofore lapsed. We overrule this contention. As we view this matter the policy never lapsed and was kept in effect from month to month by the payments of the premium which appellee received. The cases cited by appellee upon this contention relate to initial payments of the premium of insurance policies and are not in point here.

Accordingly, the judgment of the trial court is reversed and judgment here rendered for appellant as prayed for.

Reversed and rendered.